UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL C. RAMSEY,<br><br>        Plaintiff,<br><br>   v.<br><br>C. STANBACK, *et al.*,<br><br>        Defendants. | Case No. 2:25-cv-2930-JDP (P)<br><br>ORDER |

      Plaintiff brings this action against High Desert State Prison correctional officer C. Stanback and warden R. St. Andre. The complaint contains two unrelated claims. I will dismiss the complaint with leave to amend and give plaintiff an opportunity to remedy this deficiency. Plaintiff also filed an application to proceed *in forma pauperis*, which makes the required showing and is granted.

**Screening and Pleading Requirements**

      A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

1

1   which relief may be granted, or seeks monetary relief from a defendant who is immune from such
2   relief. *Id.*

3   A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6   require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7   662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8   possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9   identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13  The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16  would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18  of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

21  The complaint contains allegations about two separate events. The first incident took
22  place in September 2024. ECF No. 1 at 3. Defendant officer Stanback was responsible for
23  ensuring that plaintiff's cell was properly cleaned daily because plaintiff is a disabled inmate who
24  is unable to clean his cell. *Id.* Plaintiff alleges that on the occasions Stanback did have the cell
25  cleaned, the cleaning job was substandard. *Id.* Plaintiff alleges that Stanback's actions violate
26  the Eighth Amendment. *Id.* In an unrelated claim, plaintiff claims that in December 2024 he
27  received videos and pictures from his family on this tablet, but that an unknown correctional
28  officer removed the videos and pictures from his tablet. *Id.* at 4. Plaintiff alleges that defendant

warden St. Andre is responsible for ensuring that all mail is delivered to prisoners and not improperly removed. *Id.* Plaintiff alleges that St. Andre violated his First Amendment rights. *Id.*

Plaintiff's claims against defendants Stanback and St. Andre cannot proceed together. Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may file an amended complaint that addresses this concern. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

2. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2 is GRANTED.

3. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   October 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3